UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRITTNEY D. YOUNG                                               PLAINTIFF

v.
                          Case No. 4:17-cv-00239-JLH

JP MORGAN CHASE BANK, N.A., and                                 DEFENDANTS
WILSON & ASSOCIATES, P.L.L.C.

JPMORGAN CHASE BANK, N.A.                                       COUNTERCLAIMANT
                                                                and THIRD-PARTY
                                                                PLAINTIFF

v.

BRITTNEY D. YOUNG                                               COUNTERDEFENDANT

DITECH FINANCIAL LLC,                                           THIRD-PARTY
RBS CITIZENS, N.A.,                                             DEFENDANTS
LARRY WELCH, JANE WELCH, and
BANK OF LITTLE ROCK

## AGREED JUDGEMENT AND DECREE OF FORECLOSURE

This matter comes before the Court on the agreement of the parties, as evidenced by their signatures below. Having reviewed the pleadings, the documents filed of record, and the agreement of the parties as represented on the record, the Court hereby finds as follows:

1. The real property which is the subject of this action is located in the County of Pulaski, State of Arkansas, and is more particularly described as: Lot 1, Block 81, of Chenal Valley, an addition to the City of Little Rock, Arkansas, as shown on Corrected Plat dated October 31, 2005, prepared by White-Daters &

Associates Inc. recorded in Plat Book H, page 512, in the real property records of Pulaski County, Arkansas, more commonly known as 311 Commentry Way, Little Rock, Arkansas 72223 (the "Property").

2. Plaintiff/Counter-Defendant Brittney D. Young ("Young"), who is also known as Brittney D. Copeland, is an individual residing in Little Rock, Pulaski County, Arkansas. Plaintiff appears *pro se*.

3. Defendant, Wilson & Associates P.L.L.C., is an Arkansas professional limited liability company with its main offices located in Little Rock, Arkansas. Defendant, Wilson & Associates P.L.L.C., has appeared herein by and through its counsel, Samuel S. High.

4. Defendant/Counter-Plaintiff JPMorgan Chase Bank, N.A. ("JPMC"), is a national bank with its main office, as designated by its articles of association, in Columbus, Ohio.

5. Third party defendant, RBS Citizens, N.A., is named in this action by virtue of it being the last assignee of record of a second mortgage on the Property, which may constitute a lien against the Property. RBS Citizens, N.A. was properly served with process. *See* Affidavit of Service (Doc. 42). Despite having been properly served, RBS Citizens, N.A. failed to timely appear or defend. RBS Citizens, N.A. is, therefore, in default and has admitted the allegations of the amended counterclaim and amended third party complaint.

6. Third party defendant, Ditech Financial LLC, is named as a third party defendant in this action by virtue of servicing a second mortgage on the

Property, which may constitute a lien against the Property. Ditech Financial LLC was properly served with process. *See* Affidavit of Service (Doc. 43). Despite having been properly served, Ditech Financial LLC has failed to timely appear or defend. Ditech Financial LLC is, therefore, in default and has admitted all of the allegations of the amended counterclaim and amended third party complaint.

7. Third party defendants, Larry Welch and Jane Welch (the "Welches"), are named in this action by virtue of the judgment liens against the Property based on judgments in their favor against Plaintiff and Counter-defendant Brittney Young. The Welches have answered and appeared by and through their counsel, Matthews, Sanders & Sayes, P.A.

8. Bank of Little Rock was named as a third party defendant in this action by virtue of a judgment lien it held against the Property based on a judgment entered in its favor and against Brittney Young. During the pendency of this action, Bank of Little Rock filed a partial release releasing its judgment lien on the Property. The parties filed a Stipulation of Dismissal (Doc. 57), this Court entered an agreed order of dismissal without prejudice (Doc. 58) on February 21, 2018, dismissing the amended third-party complaint as to Bank of Little Rock only.

9. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a)(1) & 28 U.S.C. § 1367. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b)(1) & § 1391(b)(2).

10. On March 22, 2007, Young executed a Note, promising to pay $384,800 at 6.875% interest, by principal and interest payments to be made monthly

beginning May 1, 2007, in the amount of $2,527.87. A true and correct copy of the original Note, as currently endorsed was attached to Defendant JPMorgan Chase Bank, N.A.'s amended counterclaim and amended third-party complaint as Exhibit A and is incorporated herein by this reference.

11. To secure payment of the Note, Young executed a mortgage dated March 22, 2007, on the Property in favor of Boardwalk Mortgage Group, LLC (the "Mortgage"). A true and correct copy of Mortgage was attached to Defendant JPMorgan Chase Bank, N.A.'s amended counterclaim and amended third-party complaint as Exhibit B and is incorporated herein by this reference.

12. The Mortgage was filed for record on March 30, 2007, in the records of the Pulaski County Circuit Clerk and *ex-officio* recorder as document number 2007024743. Under the terms of the Mortgage, Plaintiff waived all rights of homestead, statutory redemption, and appraisement in the Property. Under the terms of the Mortgage, Plaintiff also relinquished all rights of dower and curtesy in the Property.

13. Boardwalk Mortgage Group, LLC transferred its beneficial interest in the Mortgage to JPMC by executing an Assignment of Deed of Trust. The Assignment was filed for record on March 30, 2007 in the records of the Pulaski County Circuit Clerk and *ex-officio* recorder as document 2007024744.

14. JPMC is the current holder of the Note and Mortgage. The Mortgage is properly perfected and constitutes a valid, first lien on the Property.

15. Plaintiff and Counter-defendant Young failed to make payments as they came due, failed to pay property taxes owed on the Property and failed to maintain hazard insurance on the Property. These acts are events of default under the Note and Mortgage. As a result, JPMC sent a notice of default and has properly accelerated the Note and may require immediate payment in full of all sums secured by the Mortgage. JPMC's right to foreclosure of the Mortgage on the Property has become absolute.

16. On March 22, 2007, Brittney Young executed a second mortgage on the Property in favor of First Horizon Home Loan Corporation (the "Second Mortgage"), which subsequently assigned the Second Mortgage to Mortgage Electronic Registration Systems, Inc., which subsequently assigned the Second Mortgage to RBS Citizens, N.A. The Second Mortgage loan is currently serviced by Ditech Financial LLC. The Second Mortgage was filed for record on March 30, 2007, in the records of the Pulaski County Circuit Clerk and *ex-officio* recorder as document 200702474. The Assignment of the Second Mortgage was filed for record on December 21, 2009, in the records of the Pulaski County Circuit Clerk and *ex-officio* recorder as document 2009084530. The lien, if any, created by the Second Mortgage is inferior and subordinate to the lien of the Mortgage.

17. On October 9, 2014, the Pulaski County Circuit Court, State of Arkansas, entered judgment in favor of Larry Welch and Jane Welch in Case No. 60CV-14-1413 in the amount of $58,143.00, plus attorney's fees, penalties and interest, which judgment was filed for record on October 9, 2014. On October 8,

2015, the Pulaski County Circuit Court, State of Arkansas, entered a second judgment in favor of Larry Welch and Jane Welch in Case No. 60CV-14-1413 in the amount of $64,405.95, plus attorney's fees, penalties and interest. These judgments are collectively referred to as the "Welch Judgments."

18. The liens, if any, created by the Welch Judgments and any interests held by Larry Welch and Jane Welch are inferior and subordinate to the lien of the Mortgage.

19. As of February 16, 2017, the total amount due and owing on the Note is $698,977.01, comprised of the principal balance of $376,420.56, plus interest at the rate of 6.875% per annum accrued from April 1, 2009, to March 14, 2018, in the amount of $231,746.67, and accruing at the per diem rate of $70.90 thereafter until paid, escrow advances of $80,682.14, corporate advances of $10,037.64, attorney costs of $75.00, and recording costs of $15.00.

20. Plaintiff has agreed to the dismissal with prejudice of all claims in her complaint against Defendants JPMC and Wilson & Associates, PLLC.

Based on the foregoing findings and the agreement of the parties as evidenced by the below signatures, the Court hereby ORDERS:

A. Plaintiff's claims in this action against JPMC and Wilson & Associates, P.L.L.C. are hereby dismissed with prejudice to their re-filing.

B. Defendant and Counter-plaintiff, JPMC, shall have and recover judgment *in personam* and *in rem* against Plaintiff and Counter-defendant Brittney D. Young, now known as Brittney Copeland, and the Property for the balance of

$698,977.01, comprised of the principal balance of $376,420.56, plus interest at the rate of 6.875% per annum accrued from April 1, 2009, to March 14, 2018, in the amount of $231,746.67, and accruing at the per diem rate of $70.90 thereafter until paid, escrow advances of $80,682.14, corporate advances of $10,037.64, attorney costs of $75.00, and recording costs of $15.00, and all collections costs incurred by JPMC as provided in the Note and Mortgage and Arkansas law.

C. JPMC's Mortgage is a valid first lien on the Property, as described in the Mortgage and above herein, which lien is first, prior and paramount to any rights, titles, claims, interests, equities or estates of Brittney D. Young, now known as Brittney Copeland, Ditech Financial, LLC, RBS Citizens, N.A., Larry Welch, Jane Welch, or anyone claiming by, through or under them, the interest of all other parties.

D. Execution of the judgment is hereby stayed until April 9, 2018. On or after that date, JPMC is entitled to liquidate the Property and the United States Marshal or his designee is hereby appointed Commissioner for the purpose of conducting a judicial sale of the Property described herein at the main door of the United States District Courthouse, 500 W. Capitol Ave., Little Rock, Arkansas 72201, or such other place where foreclosure sales are customarily held, the date and hour of such sale to be fixed by the Commissioner with notice thereof to be given and published according to law, with the Property sold at public auction to the highest bidder for cash or credit terms of up to 90 days with interest from the date of sale until paid at the statutory post-judgment interest rate of ten percent (10%),

except as to JPMC which is entitled to offset/credit bid against its judgments awarded herein at the time of confirmation of sale, which credit shall extinguish the judgments awarded herein to the extent of such credit, with the proceeds of sale to be applied first to the costs of sale, then to payment of the judgment in favor of JPMC, including collections costs, with the balance, if any, to be paid in such manner as the Court may direct by further order. Upon the conclusion of the foreclosure sale, all of the rights, titles, interests, equities or estates of Young and the Third-Party Defendants in and to the Property shall be foreclosed and forever barred including, without limitation, all rights or possibility of curtesy, dower, homestead and all legal, equitable, or statutory rights of redemption.

E. At the foreclosure sale, JPMC shall be entitled to enforce performance by a purchaser at a judicial sale, or without waiving damages, to take the second highest bid (and so on until the property is sold to a bidder), or if no second highest bid exists, to reschedule another sale without further Order of the Court.

F. The purchaser at the foreclosure sale will be entitled to immediate possession of the Property, and shall be entitled to a Writ of Assistance, if possession of the property is not relinquished after sale.

G. This Court hereby retains jurisdiction after a foreclosure sale to entertain a report of sale and to approve and confirm the sale, and issue a Writ of Assistance so that the purchaser at the foreclosure sale can gain possession.

H. This Agreed Judgment constitutes a final judgment and disposes of all claims, and all relief not expressly granted herein is expressly denied.

IT IS SO ORDERED, ADJUDGED and DECREED.

*[signature]*
THE HONORABLE J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

DATE: February 22, 2018

Approved:

*[signature]*
Brittney D. Young,
now known as Brittney Copeland

9

THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THE BELOW LAW FIRMS ARE EACH ACTING AS A COLLECTOR OF THIS DEBT ON BEHALF OF JPMORGAN CHASE BANK, N.A.

WM. LANCE LEWIS
Texas Bar No. 12314560
llewis@qslwm.com
MARCIE L. SCHOUT
Texas Bar No. 24027960
mschout@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: _____
Marcie L. Schout

and

WRIGHT, LINDSEY & JENNINGS LLP
200 W. Capitol Ave., Ste. 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
Fax: (501) 376-9442
jhenry@wlj.com; jhorton@wlj.com

By: _____
Judy Simmons Henry (84069)
Johnathan D. Horton (2002055)

**ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.**

WILSON & ASSOCIATES, P.L.L.C.
1521 Merrill Drive
Suite D-220
Little Rock, Arkansas 72211
(5010 219-9388
singh@wilson-assoc.com

By: *Sammy S. High (JDH with permission)*
    Sammy S. High

MATTHEWS, SANDERS & SAYES, P.A.
825 West Third Street
Little Rock, AR 722201
(501) 378-0717
wsanders@msslawfirm.com

By: _____
    William Roy Sanders